IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Winston O. Washington, | : | |
| Plaintiff | : | Civil Action 2:06-cv-988 |
| | : | |
| v. | : | Judge Marbley |
| | : | |
| Michael J. Astrue, | : | Magistrate Judge Abel |
| Commissioner of Social Security, | | |
| Defendant | : | |

**ORDER**

Plaintiff Winston O. Washington brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security denying his application for a period of disability, disability insurance benefits, and supplemental security income benefits. This matter is before the Court on Plaintiff's objections to the Magistrate Judge's December 19, 2007, Report and Recommendation. For the reasons below, Plaintiff's objections are **OVERRULED** and the Court **ADOPTS** the Report and Recommendation.

**Background**

Plaintiff, Winston O. Washington, filed his application for disability insurance benefits on July 15, 2002, alleging that he became disabled due to arthritis, gout, dyslexia, and headaches. (R. 105-107.) The application was denied initially and upon reconsideration. (*Id*. at 59-67.) Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). The ALJ issued a decision finding that Washington was not disabled within the meaning of the Social Security Act. (R. 47-58.) The Appeals Council granted

Plaintiff's request for review, vacated the September 16, 2004, hearing decision, and remanded the case to an administrative law judge for resolution of some specific issues involving Plaintiff's credibility and mental limitations. (*Id*. at 99.) After remand, ALJ Nino A. Sferrella held a hearing on November 17, 2005. (*Id*. at 395-440.) Plaintiff was represented by counsel and testified at the hearing. (*Id*.) The ALJ found that Plaintiff is not disabled and that he could perform his past relevant work. (*Id*. at 24.)

Plaintiff then filed an appeal to this Court. Plaintiff argued that the decision of the Commissioner denying him benefits should be reversed because the ALJ's decision failed to properly consider the opinion of his personal physicians and that Dr. Virgil gave misdirected testimony. (Doc. 12, pp. 4-8.) Plaintiff also asked the Court to consider new information. He requested that the Court consider two hospitalizations and two nursing home confinements he experienced over the last year. He also asked that the Court consider a surgery he anticipated. (Doc. 12, p. 9.)

On December 19, 2007, the Magistrate Judge issued a report and recommendation ("R&R"). The R&R recommends that the ALJ's decision be affirmed and Plaintiff's motion for summary judgment be denied. (Doc. 17, p. 14.) In reaching this conclusion, the R&R explains that the ALJ's decision is based on substantial evidence, Plaintiff was represented by an attorney at the hearings, and that Plaintiff offered no reason why his contention that Dr. Virgil gave misdirected testimony is important. (*Id*. at 13.) The R&R further explains that the Court cannot consider evidence that the Plaintiff offered and which was not before the ALJ. (*Id*. at 13-14.)

**Analysis**

Plaintiff objects to the R&R's position that the Court cannot hear new evidence not previously heard by the administrative law judge. (Doc. 20, p. 1.) In his earlier pleadings, Washington contended that he "need[s] to be able to speak directly to the court, present new medical evidence, and be able to present witness testimony." (Doc. 12, p. 4.) He requested the opportunity to be able to present his case in person and to present witnesses to testify about him personally and professionally. (*Id.* at p. 8.) He also requested that the Court "peruse" his latest medical findings, which were not before the ALJ. (*Id.* at p. 9.) Plaintiff's latest pleading states that he would think the Court would want to hear his testimony in order to determine whether there might be wrongdoing on the part of the Administration. (Doc. 20, p. 2.) Plaintiff cautioned the Court that he is looking into whatever means he has at his disposal to get him heard whether it be legal, the media, or other means. (*Id.*)

Plaintiff's objections are OVERRULED. Under Sixth Circuit precedent, this Court cannot hear the new evidence, which was not before the administrative law judge. *See generally Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692 (6th Cir. 1993). The Court can, however, remand the case for further proceedings if Washington shows that "there is new evidence which is *material* and there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added). *See id*. The burden of demonstrating good cause for remand is on the claimant. *Foster v. Halter*, 279 F.3d 348 (6th Cir. 2001)

3

(citing *Oliver v. Secretary of Health & Human Services*, 804 F.2d 964, 966 (6th Cir. 1986)). Here, Plaintiff did not request that the case be remanded to the administrative law judge for further consideration of the new evidence, rather he asked that this Court consider the evidence. (*See* Doc. 12, pp. 3-16.) Further, even if the Court assumes that Plaintiff meant to ask for a remand, Washington made no attempt to show how the new evidence is material and that there is good cause for failure to incorporate the evidence into the record in a prior proceeding. *See Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Mingus v. Commissioner of Social Security*, 1999 WL 644341, *5 (6th Cir. Aug. 19, 1999) (unreported).

As a related matter, the Court notes that Plaintiff's objection also reflects a misunderstanding on the nature of an appeal to federal court. A federal district court, upon appeal, acts as an appellate tribunal reviewing a lower administrative tribunal's decision. In social security cases, it does not act as a trier of fact. It does not weigh evidence, make factual determinations, take the testimony of witnesses and assess their credibilty. *See Richardson v. Perales,* 402 U.S. 389 (1971); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

Accordingly, Plaintiff's objections are **OVERRULED** and the Court **ADOPTS** the December 19, 2007, Report and Recommendation. The Clerk of Court is **DIRECTED** to enter JUDGMENT.

s/Algenon L. Marbley
United States District Judge